■ HARRY GEIST, Respondent, v CHOCK FULL O'NUTS CORPORATION, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County, entered May 14, 1976, is unanimously affirmed, with $60 costs and disbursements to respondent. In this action by a discharged employee, a tax consultant and attorney, for breach of his employment contract and for reasonable compensation for additional services not covered by the employment contract, the jury rendered a verdict for plaintiff on both causes of action. The case presented issues of fact which the Trial Justice in his charge fairly presented to the jury and which the jury by its verdict has resolved against defendant. As to the claim for services allegedly not covered by the employment contract, the court specifically charged the jury that plaintiff had the burden to prove that the services were performed pursuant to a separate agreement, either implied or express, and that this was outside the scope of his employment as a tax consultant, and the jury found that plaintiff had sustained that burden. As to the wrongful discharge

claim, the defense was that plaintiff had been negligent in the performance of his duties as a tax consultant. The court charged the jury that such negligence, if found, would constitute cause for the discharge, which would require a verdict for the defendant. The jury found for the plaintiff, thus rejecting the charge of negligence. This was a permissible view of the evidence. Defendant had interposed a counterclaim for malpractice based on the same claim of negligence. The court dismissed that counterclaim as barred by the Statute of Limitations. The court told the jury that that counterclaim was dismissed because it was brought late. But the court specifically said that it was in no way making any determination as to the merits of that claim, as to whether plaintiff was guilty of malpractice, and the Trial Justice told the jury that the jury would have before it to determine, in connection with the breach of contract action, "that very question" as to whether plaintiff was negligent. Thus, there was no prejudice to the defendant in the court's revealing to the jury the fact of the dismissal of the counterclaim. In view of the jury's verdict rejecting the charge of negligence, it is unnecessary for us to pass on the question whether the trial court properly dismissed the counterclaim on the ground of the Statute of Limitations. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Nunez, JJ.